UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG QUOC GIANG,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>    Defendants. | Case No. 18-cv-05884-JST<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 1 |

A federal district court is authorized to grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner Hung Giang, who is in the custody of the Department of Homeland Security, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. Through counsel, Giang alleges that he was detained on or around December 4, 2017; an Immigration Judge ordered him removed on December 28, 2017; and, nine months later, he remains in custody at the Yuba County Jail in Marysville, California. ECF No. 1-1 at ¶¶ 4, 5, 12. Giang asserts that his continued post-removal-order detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 at ¶ 26.

Giang names five individuals as Respondents: U.S. Attorney General Jefferson B. Sessions III; Secretary of the U.S. Department of Homeland Security Kirstjen M. Nielsen; Acting Director of U.S. Immigration and Customs Enforcement Ronald D. Vitiello; Acting Field Office Director of U.S. Immigration and Customs Enforcement for San Francisco Erik Bonnar; and Yuba County Sheriff Wendell Anderson. ECF No. 1 ¶¶ 9-13.

The Court acknowledges that on September 27, 2018, the Court issued the standard

scheduling order for immigration mandamus actions arising under 28 U.S.C. § 1361 and/or the Administrative Procedure Act, 5 U.S.C. §§ 701 *et. seq.* ECF No. 3. However, Giang has not requested mandamus under either of these statutes; instead, he seeks habeas relief under 28 U.S.C. § 2241. ECF No. 1. The scheduling order was issued in error and is hereby VACATED.

Having considered the pleadings and documents in this matter, and good cause having been shown by Petitioner, the Court orders Respondents to Show Cause:

1. By October 4, 2018, Respondents shall respond by answering the allegations and showing cause why a writ of habeas corpus should not issue, or by filing a motion to dismiss on procedural grounds.

2. Petitioner's traverse, opposition, or statement of non-opposition shall be filed by October 18, 2018.

3. The Court will hold a hearing on the order to show cause on October 29, 2018, at 1:00 p.m.

The Clerk of the Court shall serve a copy of this Order, the petition, and all attachments thereto on Respondents and shall serve copies of these documents to the U.S. Attorney for the Northern District of California.

**IT IS SO ORDERED.**

Dated: October 1, 2018

_____
JON S. TIGAR
United States District Judge